[Crim. No. 5864. Second Dist., Div. Three. Aug. 1, 1957.]

THE PEOPLE, Respondent, v. CHARLES CONRAD GALLE, Appellant.

David Hoffman, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Carl Boronkay, Deputy Attorney General, for Respondent.

SHINN, P. J.—The defendant above named was convicted in a nonjury trial of violation of section 11500 Health and Safety Code and the charge in the information that he had suffered a former conviction of the same offense was found to be true. He appeals from the judgment.

The offense proved was the possession of a quantity of marijuana found by officers in a jacket belonging to defendant which was hanging in a closet in defendant's home. By stipulation the cause was tried upon the evidence introduced at the preliminary examination. The substance found by the officers, having been identified as marijuana, was offered in

evidence. Defendant, represented by counsel, objected to the offer and moved to suppress the evidence upon the ground that it had been discovered by the officers in the course of an illegal entry and search of the premises. The motion was denied and the sole question on appeal is whether the receipt of the substance in evidence constituted error.

Circumstances of the search were related by Officer Lestelle of the Los Angeles Police Department. He testified that on the afternoon of April 16, 1956, he received a telephone call from an Officer Cochran who stated that he had been informed by an unnamed person that the defendant who resided at 3176 Lindo was in possession of narcotics and that it was believed that they would be in his bedroom. The officers went to the address, knocked on the door, the call was answered by Mrs. Pelligrini, defendant's mother; the officers informed her as to the information they had received and stated that they would like to search her son's bedroom. Mrs. Pelligrini replied "Go right ahead." Defendant was not home at the time. In addition to the marijuana found in the jacket the officers found a bottle containing pills which were found not to contain a narcotic and were excluded from evidence upon defendant's objection. Later in the afternoon defendant returned and was questioned by the officers. Defendant stated that the clothes in the closet belonged to him, that the blue bottle did not belong to him and that he did not know how the marijuana had gotten into his jacket. There was a further conversation on the following day in which defendant admitted to the officers that he had purchased the marijuana for $5.00.

Defendant did not testify. During the argument on the motion to suppress the evidence the People made a motion to reopen their case and to call defendant's mother as a witness, stating that she was present in the courtroom and it was desired "to take additional testimony as to her consent." The request was not ruled upon directly although the court stated "As of now, the record stands that the mother gave consent." She was not called as a witness.

Counsel for defendant, appointed by this court, argues earnestly that the officers had no knowledge or information that would have justified the issuance of a search warrant and that the apparent consent of defendant's mother to the search was not voluntary. It is argued that submission to a demand by officers that they be permitted to search the prem-

ises is a species of implied coercion and is not the voluntary consent which gives the search legality. In support of this contention defendant cites the statement in 79 Corpus Juris Secundum, page 821: ''Since the constitutional guaranty is not dependent on any affirmative act of the citizen, the courts do not place the citizen in the position of either contesting an officer's authority by force or waiving his constitutional rights, but instead they hold that a peaceful submission to a search or seizure is not a consent or an invitation, thereto, but is merely a demonstration of regard for the supremacy of the law.'' Cases supporting this statement also are cited. It is also argued that where the apparent consent of a third person is relied upon it must be shown that the person expressing consent to a search without a warrant understood that a search could not legally be made if consent were not given. While there is reason for the view that a request or a demand by an officer for permission to search premises is to some extent coercive, considered alone, it does not render the consent involuntary as having been obtained by coercion. It was stated in *People* v. *Michael,* 45 Cal.2d 751-754 [290 P.2d 852], ''We are not unmindful of the fact that the appearance of four officers at the door may be a disturbing experience, and that a request to enter made to a distraught or timid woman might under certain circumstances carry with it an implied assertion of authority that the occupant should not be expected to resist. (Citations.) Neither defendant nor her mother testified at the preliminary hearing, however, and the testimony that was given indicates only that the evidence was voluntarily produced in response to a reasonable inquiry.''

 The principal cases relied upon by defendant here were distinguished by the court as they were in *People* v. *Burke,* 47 Cal.2d 45 [301 P.2d 241], where it was said ''It was not unreasonable for the officers, without any show of force or coercion, to call upon the suspected defendant at his home, or to ask him questions, or to accept defendant's statement, 'No, go ahead,' in answer to the inquiry, 'You don't mind then if we search your apartment do you?' ''

In *People* v. *Lujan,* 141 Cal.App.2d 143 [296 P.2d 93], it was held that the mere fact of custody and handcuffs does not per se make a consent to a search involuntary. In *People* v. *Gorg,* 45 Cal.2d 776 [291 P.2d 469], it was held that a search consented to by a homeowner which was acted upon by the officers in good faith was not coerced or involuntary. (*People* v. *Caritativo,* 46 Cal.2d 68 [292 P.2d 513] and *People*

v. *Dominguez,* 144 Cal.App.2d 63 [300 P.2d 194], were to the same effect; and it may be noted in the present case that the defendant's mother was in attendance and could have been called by defendant if he had reason to believe that she would have testified that her consent to the search by the officers was not given voluntarily.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.