[Civ. No. 10320. Fourth Dist., Div. One. Oct. 6, 1970.]

HOWARD LEWIS BEACH et al., Petitioners, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

John G. Emerson, under appointment by the Court of Appeal, for Petitioners.

James Don Keller, District Attorney, Richard H. Bein and Terry J. Knoepp, Deputy District Attorneys, for Respondent and Real Party in Interest.

## OPINION

BROWN (Gerald), P. J.—The Beach brothers, Howard and John, charged with possessing marijuana (Health & Saf. Code, § 11530), possessing marijuana for sale (Health & Saf. Code, § 11530.5), and possessing restricted dangerous drugs (Health & Saf. Code, § 11910), are entitled to a writ of mandate requiring the superior court to suppress evidence illegally found by officers in their closet and bedroom. Their petition for writ to prohibit the trial should be denied, there being sufficient admissible evidence, seized elsewhere, to proceed to trial.

The preliminary hearing transcript shows on April 30, 1969, an anonymous informant telephoned Escondido Police Officer William Cecil saying a large quantity of narcotics was at a Tulip Street address. Officers Cecil, Brown and Jackson went to the address, an apartment, to investigate. Officer Brown knocked and identified himself to Mrs. Nichols who invited the officers into the apartment. They entered the front entry-way. Mrs. Nichols said she lived in the apartment with her brothers Howard and John Beach and Gail Gaskins.

Officer Brown told her the police had received information concerning narcotics in the apartment, and asked if he and the other officers could look around. Mrs. Nichols said they could look anywhere they wanted.

The officers and Mrs. Nichols then went into a bedroom which she explained was used by her two brothers and Gail Gaskins. Through the partially open closet door, Officer Brown saw a large paper bag on a shelf, took it down, looked in and found 17 packages of marijuana. A grey metal box revealed numerous personal papers of John and Howard Beach. In a nightstand, the officers found a white box containing a hypodermic needle and syringe, cotton and two spoons. Dark green vegetable debris was on one spoon.

The officers then searched other areas of the apartment, finding green

vegetable material, smoking paraphernalia and pills containing LSD in the kitchen and living room.

The morning after the search, Officer Brown saw Howard and John Beach at the Escondido Police Department, advised them their *Miranda* rights and asked if they lived in the apartment. John Beach answered he lived there with his brother, sister and Gail Gaskins.

The Beach brothers moved to set aside the complaint on the ground they were committed without probable cause (Pen. Code, § 995); they also sought to suppress certain evidence as illegally obtained (Pen. Code, § 1538.5).

There was sufficient evidence to commit petitioners for trial, but the evidence seized in searching the closet and bedroom was the product of an illegal search.

■ Contrary to the Beach brothers' first contention, the officers were not required to advise Mrs. Nichols of her *Miranda* rights before requesting consent to search. The request to search was made during the investigatory stage; the accusatory stage had not been reached (*Miranda* v. *Arizona,* 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 1629, 1630, 10 A.L.R.3d 974]; *People* v. *Nelson,* 233 Cal.App.2d 440, 443-444 [43 Cal.Rptr. 626]).

■ The illegality lies in the search of the Beach brothers' bedroom and personal property when the officers knew it was their bedroom. Mrs. Nichols' authority to consent to search did not extend to the bedroom. Although Mrs. Nichols consented generally to a search of the entire apartment, the police knew the bedroom they were searching was not occupied by her, but by her brothers and Gail Gaskins. The police could not reasonably believe Mrs. Nichols had authority to permit a search of the room and personal property of third persons. They did not inquire further (*People* v. *Cruz,* 61 Cal.2d 861, 867 [40 Cal.Rptr. 841, 395 P.2d 889]).

Mrs. Nichols' consent to search, being in lieu of a warrant or probable cause, extended only to the premises and their contents over which she had some possessory right or control (*People* v. *Egan,* 250 Cal.App.2d 433, 436 [58 Cal.Rptr. 627]). She could consent only to a search of areas shared in common with her brothers and Gail Gaskins. ■ ". . . a search is not unreasonable if made with the consent of a cooccupant of the premises who, by virtue of his relationship or other factors, the officers reasonably and in good faith believe has authority to consent to their entry." (*People* v. *Smith,* 63 Cal.2d 779, 799 [48 Cal.Rptr. 382, 409 P.2d 222].) See also *People* v. *Gorg,* 45 Cal.2d 776, 783 [291 P.2d 469].

■ Nothing Mrs. Nichols said led the police to believe she shared the

bedroom in common with her brothers, nor had she led the officers to think she had authority to allow a search of her brothers' room and personal effects (*People* v. *Gorg, supra,* 45 Cal.2d 776). All items found in the closet and bedroom should have been suppressed (*People* v. *Cruz, supra,* 61 Cal.2d 861; *People* v. *Egan, supra,* 250 Cal.App.2d 433).

█ Sufficient evidence remains, however, to warrant the brothers' commitment for trial. Marijuana, paraphernalia associated with smoking it, and dangerous drugs were found in the living room and kitchen. There is evidence the brothers lived in the apartment. Without objection Officer Brown testified Mrs. Nichols told him she lived at the apartment with her two brothers and Gail Gaskins, and John Beach told him at the police station he [John] lived at the apartment with his brother, sister and Gail Gaskins. The evidence, tending to show petitioners lived in the apartment, in the kitchen and living room of which marijuana, paraphernalia, and dangerous drugs were found, raises a reasonable inference the brothers possessed the contraband (*People* v. *White,* 71 Cal.2d 80, 83 [75 Cal.Rptr. 208, 450 P.2d 600]; *People* v. *Crews,* 110 Cal.App.2d 218, 220-221 [242 P.2d 64]; *Jackson* v. *Superior Court,* 62 Cal.2d 521, 525 [42 Cal.Rptr. 838, 399 P.2d 374]).

Let a peremptory writ of mandate issue requiring the superior court to suppress the evidence found in the closet and bedroom. The petition for writ of prohibition is denied.

Coughlin, J., and Whelan, J., concurred.

A petition for a rehearing was denied October 21, 1970, and petitioners' application for a hearing by the Supreme Court was denied December 3, 1970.