[Civ. No. 17011. Third Dist. Mar. 20, 1978.]

In re ROBERT H., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ROBERT H., Defendant and Appellant.

## COUNSEL

William A. Wright, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, and James T. McNally, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**THE COURT.**\*—Thirteen-year-old Robert H. appeals a juvenile court order declaring him its ward pursuant to Welfare and Institutions Code section 602. The order is based on Robert's admission of the offenses charged (receiving stolen property, to wit, two motorcycles, in violation of Pen. Code, § 496).

■ The principal issue is whether a minor who is suspected of concealing stolen goods can validly consent to a search of the premises in which he and his parents reside.

Evidence adduced at the hearing on defendant's unsuccessful motion to suppress shows that on March 3, 1977, after receiving information that Robert H. had been involved in the theft of two motorcycles, two Stockton police officers went to his home to talk to him. Not finding him there, they inspected the surrounding area (and found a stolen motorcycle behind a fence about a half a block away) and shortly returned. This time Robert H. was home. His sister, also a minor, was present, but his parents were away. The officers told him they had heard that a stolen motorcycle might be in the garage and asked if it was hidden there under

---

\*Before Paras, Acting P. J., Evans, J., and Reynoso, J.

a mattress. When Robert H. answered in the negative, they asked his permission to search the garage; they also informed him that he had a right to refuse permission. Robert H. consented, and a search of the garage disclosed nothing. The officers then asked if they could search the backyard of the house, and again advised Robert H. that he had a right to refuse permission. Robert H. again consented. In the backyard, partially concealed, they found a stolen motorcycle.

At the hearing Robert H. acknowledged that in each instance (the garage and the backyard), the officers asked for consent to search, advised him that he had a right to refuse, and obtained consent from him. Robert H.'s parents claimed that their children had been instructed not to let anyone enter the home.

■ Where a search is conducted without a warrant, the burden is on the prosecution to show proper justification. (*People* v. *James* (1977) 19 Cal.3d 99, 106 [137 Cal.Rptr. 447, 561 P.2d 1135]; *Badillo* v. *Superior Court* (1956) 46 Cal.2d 269, 272 [294 P.2d 23].) ■ Consent to search dispenses with the need for a warrant; and it is incumbent upon the prosecution to prove that such consent was freely given. (*Schneckloth* v. *Bustamonte* (1973) 412 U.S. 218, 222 [36 L.Ed.2d 854, 860, 93 S.Ct. 2041]; *People* v. *James, supra,* 19 Cal.3d at p. 106; *Blair* v. *Pitchess* (1971) 5 Cal.3d 258, 274 [96 Cal.Rptr. 42, 486 P.2d 1242, 45 A.L.R.3d 1206].) Here the referee found that consent was freely and voluntarily given, and such finding is supported by substantial evidence.

■ Consent to search by a third party is not uncommon, and under certain situations a joint occupant who is present on the premises may give a valid consent. (*United States* v. *Matlock* (1974) 415 U.S. 164, 170 [39 L.Ed.2d 242, 249, 94 S.Ct. 988]; *People* v. *Hill* (1968) 69 Cal.2d 550, 554-555 [72 Cal.Rptr. 641, 446 P.2d 521]; *People* v. *Gurley* (1972) 23 Cal.App.3d 536, 554-555 [100 Cal.Rptr. 407].) Police entry into a residence pursuant to such consent is proper when the circumstances justify a reasonable good faith belief that the consenting person has the authority to consent. (*People* v. *McGrew* (1969) 1 Cal.3d 404, 412, 413 [82 Cal.Rptr. 473, 462 P.2d 1]; *People* v. *Reynolds* (1976) 55 Cal.App.3d 357, 368 [127 Cal.Rptr. 561].) Although the authority of the third party or co-occupant to give the consent is based on his control over the jointly occupied premises (*People* v. *Gorg* (1955) 45 Cal.2d 776, 783 [291 P.2d 469]; *People* v. *Reynolds, supra,* 55 Cal.App.3d at pp. 368-372), such authority is not to be implied from his proprietary interest; it rests instead on mutual use of the property by persons generally having joint

access or control. (*United States* v. *Matlock, supra,* 415 U.S. at p. 171, fn. 7 [39 L.Ed.2d at p. 250, fn. 7]; *Beach* v. *Superior Court* (1970) 11 Cal.App.3d 1032, 1035-1036 [90 Cal.Rptr. 200]; see also Note 113 U.Pa.L.Rev. 260, 273. Cf. *People* v. *Carswell* (1957) 149 Cal.App.2d 395, 401 [308 P.2d 852].)

■ Where the police search a minor's home, the courts uphold parental consent on the premise of either the parents' right to control over the minor (*Vandenberg* v. *Superior Court* (1970) 8 Cal.App.3d 1048, 1054-1055 [87 Cal.Rptr. 876]), or their exercise of control over the premises (*People* v. *Daniels* (1971) 16 Cal.App.3d 36, 44-45 [93 Cal.Rptr. 628]; *People* v. *Egan* (1967) 250 Cal.App.2d 433, 436 [58 Cal.Rptr. 627]; *People* v. *Galle* (1957) 153 Cal.App.2d 88, 90 [314 P.2d 58]. See also *State* v. *Carder* (1966) 9 Ohio St.2d 1 [222 N.E.2d 620, 627]; *Commonwealth* v. *Hardy* (1966) 423 Pa. 208 [223 A.2d 719, 723]; *McCray* v. *State* (1964) 236 Md. 9 [202 A.2d 320, 322]; *State* v. *Kinderman* (1965) 271 Minn. 405 [136 N.W.2d 577, 580]. See also Annot. (1953) 31 A.L.R.2d 1078, 1081.) No case has been cited and none has been found dealing with the issue of consent by a minor himself to a search of his residence.

■ Juvenile court proceedings must measure up to the essentials of due process. (*In re Gault* (1967) 387 U.S. 1, 30 [18 L.Ed.2d 527, 547-548, 87 S.Ct. 1428].) ■ Minors may exercise their due process rights independently of, and indeed in opposition to, their parents. (*In re Roger S.* (1977) 19 Cal.3d 921, 931 [141 Cal.Rptr. 298, 569 P.2d 1286].)[1] ■ The standard of proof in juvenile proceedings involving criminal activity is the same as in adult criminal trials. (*In re Winship* (1970) 397 U.S. 358, 363 [25 L.Ed.2d 368, 375, 90 S.Ct. 1068]; *Richard M.* v. *Superior Court* (1971) 4 Cal.3d 370, 378 [93 Cal.Rptr. 752, 482 P.2d 664].) The exclusionary rules relating to pretrial identification apply to minors (*In re Carl T.* (1969) 1 Cal.App.3d 344, 351-353 [81 Cal.Rptr. 655]), statements obtained from juveniles in violation of *Miranda* are inadmissible (*In re Roderick P.* (1972) 7 Cal.3d 801, 810 [103 Cal.Rptr. 425, 500 P.2d 1]); and there must be an explicit waiver of rights prior to acceptance of a judicial admission of the charge (*In re Michael M.* (1970) 11 Cal.App.3d 741, 743-744 [96 Cal.Rptr. 887]).

---

[1]"Increasing legislative recognition is also being accorded to the capacity of minors to participate intelligently in decisions affecting their lives. (See e.g., [Welf. & Inst. Code] § 700; Civ. Code, §§ 34.5, 34.6, 225, 4600; Prob. Code, § 1406.)" (*In re Roger S.* (1977) 19 Cal.3d 921, 931, fn. 4 [141 Cal.Rptr. 298, 569 P.2d 1286].)

It is also settled that a minor, like an adult, may waive rights extrajudicially, if the waiver is knowing and intelligent. (*People* v. *Lara* (1967) 67 Cal.2d 365, 389 [62 Cal.Rptr. 586, 432 P.2d 202].) Whether a minor has knowingly and intelligently waived them depends upon his age, education, and degree of intelligence, as well as upon his experience and familiarity with the law; in other words, upon the "totality of circumstances." Each case must be decided on its own facts. (*Id.* at pp. 383-389; *In re Dennis M.* (1969) 70 Cal.2d 444, 462-463 [75 Cal.Rptr. 1, 450 P.2d 296]; *People* v. *McFarland* (1971) 17 Cal.App.3d 807, 816 [95 Cal.Rptr. 369].)

There is similarly no valid reason why a minor residing with his parents should not have the authority to consent to a premises search when neither parent is present and the search is motivated by conduct of the minor, not of the parents. We so hold. Robert H.'s consent was knowingly and voluntarily given. There is no basis upon which he can assert that his parents' constitutional rights were violated. Nor do his parents have standing to complain. Under the facts before us the constitutional right, and the corollary right to waive it, were in Robert H. alone. (See *Stoner* v. *California* (1964) 376 U.S. 483, 488 [11 L.Ed.2d 856, 860, 84 S.Ct. 889]; see also *In re Reginald B.* (1977) 71 Cal.App.3d 398, 403 [139 Cal.Rptr. 465]; *People* v. *Flowers* (1970) 23 Mich.App. 523 [179 N.W.2d 56, 58].)

We confine our holding to the narrow issue in this case and do not consider whether a minor can consent to a search of the premises for evidence to be used against a parent or any other member of the household. (See e.g., *People* v. *Jennings* (1956) 142 Cal.App.2d 160, 169 [298 P.2d 56].)

Various other contentions of defendant relate to search without a warrant; however, as pointed out above, a knowing and voluntary consent vitiates the need for a warrant. (*People* v. *James, supra,* 19 Cal.3d at p. 106.) And the evidence more than supports the referee's finding that Robert H.'s consent was knowingly and voluntarily given.

The order of the juvenile court is affirmed.