[No. A023893. First Dist., Div. Three. Nov. 27, 1984.]

In re SIDNEY M., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
SIDNEY M., Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

\*Certified for publication except as to part II. (Cal. Rules of Court, rules 976(b) and 976.1.)

COUNSEL

Michael W. Stamp, under appointment by the Court of Appeal, and Ruth McVeigh for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Thomas A. Brady, Cynthia Choy Ong and Linda Ludlow, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BARRY-DEAL, J.**—On appeal from a judgment of the juvenile court committing him to the California Youth Authority, Sidney M. (hereafter appellant or the minor) contends that the court committed reversible error when it conducted a portion of the jurisdiction hearing in his absence. We hold that the juvenile court properly found that appellant had voluntarily absented himself from the proceedings and that no error occurred when the court continued to conduct the hearing although appellant was not present. We affirm.[1]

I. *Facts*

The details of the underlying offenses are not relevant to the published portion of this opinion. Briefly, the salient facts are these. About 9 p.m. on August 19, 1982, a citizen approached Officer Wilson at the Monterey County Fairgrounds and told him that appellant " 'just tried to sell [him] some cocaine.' " As officers approached appellant, age 16, and his companion, the latter two walked very fast, and Officer Wilson observed appellant place or stuff something inside the front of his pants. A later search revealed

---

[1] Our discussion of other issues raised by appellant does not merit publication. Accordingly, parts I and III are certified for publication, and part II is not.

a plastic bag containing seven bindles in appellant's underwear and $150 cash on his person. This incident formed the basis of a petition filed September 2, 1982, alleging that appellant had possessed cocaine for sale.

The incident which gave rise to a second petition alleging that appellant had committed an assault with a deadly weapon occurred on September 19, 1982. Appellant stopped a car which he was driving and accused the victim, who was driving another vehicle, of having hit his (appellant's) car. Within moments appellant pulled a knife and inflicted a wound so severe that the victim's intestines were observed hanging out of his abdomen.

## II. *Discussion**

. . . . . . . . . . . . . . . . . . . . . . . . .

## III. *Discussion*

The question whether a juvenile court may properly proceed with a jurisdiction hearing where the minor has voluntarily absented himself or herself appears to be one of first impression in this state. The following facts raise the issue in this case.

Petitions alleging that appellant came within Welfare and Institutions Code section 602 because of possession of cocaine for sale and assault with a deadly weapon were filed on September 2 and 28, 1982. On October 8, 1982, appellant admitted possession of cocaine, and the court dismissed the charge of possession for sale.

The jurisdiction hearing on the assault petition began on November 3, 1982, with the minor, his mother, his attorney, and all other interested parties and counsel present. Three witnesses testified for the petitioner (the district attorney), including the victim and the only witness who saw appellant draw his knife and plunge it into the victim's body. After their testimony both attorneys and the court agreed to continue the hearing to November 5, 1982.

On November 5, appellant failed to appear, and the court issued a bench warrant for his arrest. The district attorney stated that he only wanted to put the knife and its case into evidence, but that he did not know "if I can technically move at this time to do it when [the minor is] not here." The court replied, "Well, let's wait." The proceedings were continued to an indefinite time.

---

*Part II of this opinion is not certified for publication. (See fn., *ante,* at p. 39.)

The minor appeared in court on December 13, 1982. He indicated that he had fled because he was afraid of being committed to the Youth Authority or to prison for something he did not do. The court reassured him that he would have a fair trial, and appellant stated he now understood that, having talked to his mother and having realized his mistake. He asked that he be released to his mother,[3] but the court ordered that he be detained, and it continued the hearing to December 22, 1982, at which time the matter was continued to January 5, 1983, due to lack of witnesses.

On January 3, 1983, a petition was filed alleging that appellant had escaped from juvenile hall on or about Christmas Day, 1982.

When court convened on January 5, appellant's counsel suggested that the matter be continued two weeks, "and then if Sidney's not here, if the court wishes, we could proceed with what witnesses we have." On January 26, appellant was still absent, and his attorney suggested that the district attorney present his last witness, "so he doesn't have to keep coming back." The minor's counsel continued, "I have one witness here. Two other people were supposed to be here. [¶] But I prefer to leave the warrant out until Sidney's picked up, and then finish the rest of it. I know of no provision in the Welfare and Institutions Code for willful absence."

The petitioner's last witness, Officer Madarang, then testified that he had seen appellant about two hours after the stabbing incident and that appellant had a cut on his thumb covered with a hospital-type bandage. Cross-examination revealed that the witness had seen blood on the victim's knife sheath.

---

[3]The following exchange occurred: "THE COURT: . . . [¶] Well, I overheard some of that. He's apparently afraid of some situation. Well, we've got it—we should have a trial as soon as possible.

"THE MINOR: Can I—is there a possibility I can be released to my mom on—and set my court date again or be placed on home—house arrest or home supervision or something?

"MR. HATTON [district attorney]: Well, I obviously object to that, if he left in the middle of the trial and with that other case pending.

"THE MINOR: I know now, like going to the California Youth Authority or Soledad Prison, because I took a trip through here and I seen what it was like.

"THE COURT: Yes, but what happened the last time? Why did you take off?

"THE MINOR: Because, see, they were—I'm going to court for assault with a deadly weapon. I got cut up first. You know, they jumped me first.

"THE COURT: Without going into—yes, without—you're basically afraid. That's why you left?

"THE MINOR: Yes, because, see, I knew I was going to get in trouble for something that I'm not even guilty of.

"THE COURT: Yes, but, see, that's what scares everyone is you have a right to a trial on this thing. It doesn't mean, automatically, you're going to be found guilty.

"THE MINOR: I know. My mom talked to me about that.

"THE COURT: And you've got a very good counsel here. What we're afraid of is you get out and then you won't show up again.

"THE MINOR: That was my own mistake, Your Honor."

On redirect he testified to having seen a discoloration on the paint of the car appellant was driving. On recross appellant's counsel elicited the fact that a prosecution witness had been unable to identify appellant from a photo lineup.

Appellant's counsel then called the only witness whom he had present, appellant's sister, who had taken him to the hospital for treatment of his cut thumb. The court asked appellant's counsel why his other witnesses were not present, to which counsel replied that he did not know, but that each had returned to court up to three times previously. The district attorney indicated that ". . . we've got to get the trial over with sometime." It was agreed that the matter would be continued a few weeks, giving appellant's counsel the opportunity to gather his witnesses, and hopefully the authorities time to pick up appellant.

On February 16, 1983, the matter was continued to February 18. At the opening of proceedings on the latter day, the court observed, "This is the matter of Sidney M . . ., and we've continued it over and over and over again." The minor's counsel then presented three witnesses. The first was one of the passengers in appellant's car, who testified that the victim appeared to have been under the influence of alcohol or drugs. The second was appellant's mother, who also testified to one of petitioner's witnesses (apparently the victim) having been intoxicated on the evening of the incident.

Finally, a 15-year-old acquaintance of appellant testified that he saw the victim come at appellant with a knife during the incident in question. He said that when the victim dropped the knife, appellant gained possession of it and stabbed the victim in defending himself against further attack.

After this testimony appellant's counsel stated, "The only witness I have left, Your Honor, is Sidney, and he's necessary." The court indicated its willingness to give counsel "a little more time to have Sidney here." The court and both attorneys briefly discussed whether Penal Code section 1043 (proceeding with trial where defendant voluntarily absent) applies to juvenile proceedings, and the court continued the matter for one month.

On March 30, 1983, appellant's counsel argued that the matter should not proceed even if appellant was willfully absent, but stated that he was prepared to argue the case if the court so desired. After extensive argument the court made its jurisdictional finding that appellant had committed the assault as charged.

Appellant was returned to court on the bench warrant on July 11, 1983. He was advised of his rights relating to the January 3 (escape) petition, and

the matter was continued. On July 15, the minor admitted the escape and was referred for psychological evaluation.

On July 27, 1983, court convened to hear appellant's motion to reopen the jurisdiction hearing. Counsel conceded that appellant's absence was "his [own] fault," but argued that he must be given an opportunity to testify and, again, that Penal Code section 1043 is inapplicable to juvenile proceedings. The district attorney's office was unprepared to argue the motion to reopen due to alleged lack of notice. The court said it was inclined to find that the minor should have an opportunity to testify, but that it would grant a continuance.

At this point appellant's attorney interjected, "Speaking to Sidney, just now, he knows he's been convicted of other charges, and he knows he's going to be sentenced on those. At this point, except perhaps as part of sentencing him, he would like to mention his version of the facts, and I think he wishes to proceed." Everyone then agreed to proceed with disposition of the case. After a recess during which the minor and counsel reviewed the probation report, the court asked appellant if he had anything he wanted to add to it. The minor declined. After hearing argument from both sides, the court ordered that appellant continue as a ward of the juvenile court and that he be committed to the California Youth Authority.

■ Appellant contends that the juvenile court committed prejudicial error when it conducted a significant portion of the jurisdiction hearing in his absence. The Attorney General counters that the trial court properly relied on Penal Code section 1043 in ruling that the proceedings could continue because of appellant's voluntary absence. We hold that section 1043 is inapplicable to juvenile proceedings, but that no error occurred in this case.

Section 679 of the Welfare and Institutions Code provides in relevant part: "A minor who is the subject of a juvenile court hearing . . . is entitled to be present at such hearing. . . ." No provision in that code establishes exceptions or qualifications to this right.[4] ■ California Rules of Court, rule 1351(c), which deals with the time limit for holding the jurisdiction hearing, seems to imply that the jurisdiction hearing should be suspended in the minor's absence.[5] However, this rule relates to the right to "speedy trial" and clearly was not intended to address the right to be present at the

---

[4]Welfare and Institutions Code section 700.5 provides that the court *may* continue the hearing if a necessary *witness* is unavailable.

[5]The cited rule provides: "Any period of delay resulting from the minor's neglect or failure to appear, . . . shall be excluded in computing the time limits prescribed by . . . this rule. . . ."

proceedings. Furthermore, the rule has no firm basis in the Juvenile Court Law, but was established by analogy to the criminal speedy trial statute. (Advisory Committee com. to rule 1351(c), 23 West's Ann. Code, Civ. & Crim. Rules (1981 ed.) pt. 2, p. 287.)

█ It might be argued (though the Attorney General has not done so) that the juvenile court properly proceeded in appellant's absence under Code of Civil Procedure section 594, which provides that a party in superior or municipal court may bring an issue to trial or hearing in the absence of the adverse party, with certain provisos. We think, however, that the section does not apply here for three reasons. First, by its terms the section applies to superior, municipal, and justice courts, not to juvenile courts. (See Welf. & Inst. Code, § 245.)[6] Second, had the Legislature intended this provision of the Code of Civil Procedure to apply as an exception to the rule established in Welfare and Institutions Code section 679, it would have expressly so provided. (See, e.g., Welf. & Inst. Code, § 678 [incorporating the provisions of Code Civ. Proc. regarding variance and amendment of pleadings].) And third, while it is true that the Welfare and Institutions Code provides that juvenile court proceedings shall not be deemed criminal proceedings (Welf. & Inst. Code, § 203 [former § 503][7]), and in the past it has been said they are "civil in nature" (e.g., *In re Johnson* (1964) 227 Cal.App.2d 37, 39 [38 Cal.Rptr. 405]), in the wake of *In re Gault* (1967) 387 U.S. 1 [18 L.Ed.2d 527, 87 S.Ct. 1428], the validity of this viewpoint is highly questionable. █ It is now settled that "[j]uveniles are entitled to the fundamental protection of the Bill of Rights in proceedings that may result in confinement or other sanctions, whether the state labels these proceedings 'criminal' or 'civil.' [Citations.]" (*Richard M.* v. *Superior Court* (1971) 4 Cal.3d 370, 375 [18 L.Ed.2d 527, 87 S.Ct. 1428].) █ Now it may reasonably be said that proceedings under Welfare and Institutions Code section 602 are "basically criminal in nature." (*In re Joseph T.* (1972) 25 Cal.App.3d 120, 126 [101 Cal.Rptr. 606].) We therefore deem it inappropriate for this court to establish a rule applying the Code of Civil Procedure provision under consideration to juvenile court proceedings.

█ On the other hand, neither do we find persuasive the Attorney General's assertion that Penal Code section 1043 applies. That section provides in relevant part: "(a) Except as otherwise provided in this section, the defendant in a felony case shall be personally present at the trial. [¶] (b) The

---

[6] Welfare and Institutions Code section 245 (former § 550) provides: "Each superior court shall exercise the jurisdiction conferred by this chapter, and while sitting in the exercise of such jurisdiction, shall be known and referred to as the juvenile court."

[7] Welfare and Institutions Code section 203 provides: "An order adjudging a minor to be a ward of the juvenile court shall not be deemed a conviction of a crime for any purpose, nor shall a proceeding in the juvenile court be deemed a criminal proceeding."

absence of the defendant in a felony case after the trial has commenced in his presence shall not prevent continuing the trial to, and including, the return of the verdict in any of the following cases: [¶] . . . [¶] (2) Any prosecution for an offense which is not punishable by death in which the defendant is voluntarily absent. . . ." It is apparent from the language of the statute that the Legislature did not intend that it apply to juvenile court proceedings. The use of the words "defendant," "felony case," "trial," "prosecution," and "punishable" preclude such application. (See Welf. & Inst. Code, § 203 [former § 503]; *In re David G.* (1979) 93 Cal.App.3d 247, 252 [155 Cal.Rptr. 500] [Pen. Code, § 1538.5 inapplicable to juvenile court proceedings]; and see, e.g., *In re Mitchell P.* (1978) 22 Cal.3d 946, 949 [151 Cal.Rptr. 330, 587 P.2d 1144] [Pen. Code, § 1111 (sufficiency of accomplice testimony for "conviction") inapplicable to juvenile court proceedings]; *In re Joseph H.* (1979) 98 Cal.App.3d 627, 631 [159 Cal.Rptr. 681] [Pen. Code, § 1118 (motion for acquittal after waiver of jury) inapplicable].)

 It does not follow, however, that a jurisdiction hearing which was begun in the juvenile's presence cannot continue when he or she voluntarily absents himself or herself. While it is certainly true that a minor subjected to the juvenile court system is entitled to fundamental due process and fairness (see Welf. & Inst. Code, § 702.5; *In re Gault, supra,* 387 U.S. 1; *In re Aaron N.* (1977) 70 Cal.App.3d 931, 941 [139 Cal.Rptr. 258], and cases cited therein), it is equally settled beyond question that a minor may be capable of knowingly and intelligently waiving his or her rights (e.g., *In re Charles P.* (1982) 134 Cal.App.3d 768, 771 [184 Cal.Rptr. 707]; *In re Robert H.* (1978) 78 Cal.App.3d 894, 899 [144 Cal.Rptr. 565]), including the right to a jurisdiction hearing. (Welf. & Inst. Code, § 657; Cal. Rules of Court, rule 1351(f).)

 Accordingly, we hold that a minor who is the subject of a juvenile court hearing and who has a right, under Welfare and Institutions Code section 679, to be present at that hearing, may properly be found to have waived that right if the juvenile court finds a knowing and intelligent waiver, considering the minor's age and other relevant circumstances, including intelligence, education, experience, and ability to comprehend the meaning and effect of his or her acts. (See *In re Charles P., supra,* 134 Cal.App.3d 768; *In re Robert H., supra,* 78 Cal.App.3d 894, 899; *State in re Schreuder* (Utah 1982) 649 P.2d 19, 23; see also *N. P. A.* v. *State* (Alaska 1979) 604 P.2d 599.) Stated another way, Welfare and Institutions Code section 679 simply requires that the state not do anything that would preclude the minor from being present and that if the minor is voluntarily absent, thereafter he or she cannot complain of the situation thus created; the minor cannot take advantage of his or her own wrong and stop the

hearing simply by walking out. (See *People* v. *White* (1971) 18 Cal.App.3d 44, 52 [95 Cal.Rptr. 576].)

When we apply this rule to the facts of the case at bench, which we set out in detail above, it is readily apparent that the court did not err. Appellant, age 16, appears to be within the normal range of intelligence and education. He had extensive experience with the juvenile court system and clearly understood that he had a right to be present throughout the jurisdiction hearing as well as what the consequences of that hearing might be. Ample evidence supported the juvenile court's finding that appellant was voluntarily absent and that the hearing should proceed without him.

Furthermore, we are persuaded by analogy to the Penal Code section 1043 situation that even if a violation of the minor's right to be present occurred, it would not per se require reversal. Rather the question would be one of whether his substantial rights were prejudiced. (See *People* v. *Morales* (1943) 60 Cal.App.2d 196, 200 [140 P.2d 461].) Here there is no question that they were not, first because no crucial witness testified in his absence, and second because after his return he knowingly and intelligently waived his right to reopen the proceedings and testify in his own behalf. (See generally Witkin, Cal. Criminal Procedure (1983 supp.) Trial, § 388, pp. 642-643.)

The judgment is affirmed.

White, P. J., and Anderson, J., concurred.

A petition for a rehearing was denied December 21, 1984, and appellant's petition for a hearing by the Supreme Court was denied January 31, 1985.