Filed 12/28/20

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| E.P., <br><br>         Petitioner, <br><br>    v. <br><br> THE SUPERIOR COURT OF YOLO COUNTY, <br><br>         Respondent; <br><br> THE PEOPLE, <br><br>         Real Party in Interest. | C092677 <br><br> (Super. Ct. No. JDSQ20106) |

ORIGINAL PROCEEDING. Petition for writ of mandate. Tom M. Dyer, Judge. Peremptory writ issued.

Tracie Olson, Yolo County Public Defender, and Jonathan Opet, Deputy Public Defender, for Petitioner.

The Superior Court of Yolo County, for Respondent.

Xavier Becerra, Attorney General, Michael P. Farrell, Senior Assistant Attorney General, Julie A. Hokans and Robert Gezi, Deputy Attorneys General, for Real Party in Interest.

This petition for writ of mandate by E.P., a minor in a juvenile delinquency

proceeding, challenges a July 30, 2020, decision by respondent Yolo County Superior

1

Court denying his motion to physically appear in juvenile court in the presence of the judge at court hearings. Petitioner claims the court's decision, as well as certain temporary local rules (Super. Ct. Yolo County, Temporary COVID-19 Local Rules[1]) issued by the court in response to the COVID-19 pandemic, conflict with Welfare and Institutions Code[2] section 679 and the emergency rules related to COVID-19 adopted by the Judicial Council and contained in appendix I of the California Rules of Court.[3] As we shall explain, section 679 provides that a minor who is the subject of a juvenile court hearing has the right to be physically present in the courtroom at such hearings, although the minor may waive such right. We shall further conclude, consistent with section 679 and the case law interpreting it, that the emergency rules require a court obtain a minor's consent before conducting a hearing in a juvenile delinquency proceeding remotely. Accordingly, the respondent superior court erred in denying petitioner's motion to physically appear in court at his juvenile hearings. To the extent the court's temporary local rules require all hearings in juvenile delinquency proceedings be conducted remotely absent a finding of good cause, the rules are in conflict with both section 679 and the emergency rules.[4]

---

[1]　All further references to temporary local rules will refer to the Yolo County Superior Court Temporary COVID-19 Local Rules.

[2]　All further unspecified statutory references are to the Welfare and Institutions Code.

[3]　All further references to the California Rules of Court will refer to the emergency rules unless otherwise specified.

[4]　Petitioner also asserts he has a constitutional right to be physically present at his juvenile court hearings. We need not decide this issue because, as we shall explain, the emergency rules, consistent with section 679, afford him such a right. (See *Citizens to Save California v. California Fair Political Practices Com.* (2006) 145 Cal.App.4th 736, 745 ["Courts generally should avoid resolving constitutional issues if a case can be decided on statutory grounds"].)

FACTUAL AND PROCEDURAL BACKGROUND

Since 1961, a minor who is the subject of a juvenile court hearing in a juvenile delinquency proceeding in California has had a statutory right "to be present" at such hearing. (§ 679 ["A minor who is the subject of a juvenile court hearing . . . is entitled to be present at such hearing"].)

On March 4, 2020, Governor Gavin Newsom declared a state of emergency as a result of the threat of COVID-19, and on March 19, 2020, issued an executive order directing all Californians not providing essential services to stay home. (*Stanley v. Superior Court* (2020) 50 Cal.App.5th 164, 167-168.)[5] The order did not close the courts, which provide an essential service. (*In re M.P.* (2020) 52 Cal.App.5th 1013, 1016.)

On March 23, 2020, Chief Justice Tani G. Cantil-Sakauye, pursuant to her authority under the California Constitution, article VI, section 6, and Government Code section 68115, issued an order authorizing superior courts to adopt proposed local rules or local rule amendments to address the impact of the COVID-19 pandemic to take effect immediately, without advance circulation for 45 days of public comment. (*In re M.P.*, *supra*, 52 Cal.App.5th at p. 1016.)

On March 27, 2020, the Governor issued Executive Order N-38-20, which "suspended any limitations in Government Code section 68115 or any other provision of law that limited the Judicial Council's ability to issue emergency orders or rules, and

---

[5] On the court's own motion and for good cause, the court takes judicial notice of various official acts taken in response to the pandemic, as described in this opinion. (Evid. Code, §§ 459, 452, subd. (c).) Specifically, Governor's Executive Order N-33-20 signed on March 19, 2020; Statewide Order issued by the Chief Justice on March 23, 2020; Governor's Executive Order N-38-20 signed on March 27, 2020; and the emergency rules adopted on April 6, 2020.

3

suspended statutes that may be inconsistent with rules the Judicial Council may adopt." (*Stanley v. Superior Court*, *supra*, 50 Cal.App.5th at pp. 167-168.)

Acting on that authority, on April 6, 2020, the Judicial Council adopted 11 emergency rules. Emergency rule 7, which specifically pertains to "juvenile delinquency proceedings," provides: "A court may hold any proceeding under this rule via remote technology consistent with [California Rules of Court,] rule 5.531 and emergency rule 3." (Emergency rule 7(c)(1).) Emergency rule 7 "applies to all proceedings in which a petition has been filed under Welfare and Institutions Code section 602 in which a hearing would be statutorily required during the state of emergency related to the COVID-19 pandemic." (Emergency rule 7(a).) Consequently, it applies to the delinquency case at issue here.

Emergency rule 3(a), which pertains to the use of technology for remote appearances, provides: "Notwithstanding any other law, in order to protect the health and safety of the public, including court users, both in custody and out of custody defendants, witnesses, court personnel, judicial officers, and others, courts must conduct judicial proceedings and court operations as follows: [¶] (1) Courts may require that judicial proceedings and court operations be conducted remotely. [¶] (2) In criminal proceedings, courts must receive the consent of the defendant to conduct the proceedings remotely and otherwise comply with emergency rule 5. . . . As used in this rule, 'consent of the defendant' means that the consent of the defendant is required only for the waiver of the defendant's appearance as provided in emergency rule 5. . . . [¶] (3) Conducting proceedings remotely includes, but is not limited to, the use of video, audio, and telephonic means for remote appearances . . . ."

Emergency rule 5, which pertains to personal appearance waivers of defendants during the health emergency, provides in part: "With the defendant's consent, a

4

defendant may appear remotely for any pretrial proceeding."[6]  (Emergency rule 5(e)(1).)  Emergency rules 7, 3 and 5 "remain in effect until 90 days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted, or until amended or repealed by the Judicial Council."  (Emergency rules 7(f), 3(b), 5(f).)

Effective June 18, 2020, respondent superior court issued temporary local rules.  Temporary local rule 6, which pertains to appearances in juvenile court generally, states:  "All persons who have a right to appear in Juvenile Court shall appear only by remote means (video or telephone) unless the Court finds good cause for live physical appearance in the Courtroom."  (Temporary local rule 6(a).)

Effective June 19, 2020, respondent issued temporary local rule 8, which pertains to all court appearances.  It provides:  "[U]less authorized by statute or Court order, *all* Court appearances in Yolo Superior Court shall be presumptively by Video. . . .  [¶] . . . Physical appearance is subject to either statute or a good cause finding made by a judicial officer."

Meanwhile, on May 21, 2020, the Yolo County District Attorney filed a section 602 petition alleging petitioner violated Health and Safety Code section 11351 by possessing cocaine for sale.  Petitioner appeared in custody for a detention hearing the following day, which was conducted remotely via Zoom, a video-conferencing platform, from the Yolo County Juvenile Detention Facility.  Petitioner denied the allegation in the petition, and the court ordered him released on home supervision with a GPS monitor.

---

[6]     California Rules of Court, rule 5.531(b) requires that local procedures and protocols "be developed to ensure the fairness and confidentiality of any proceeding in which a party is permitted by statute, rule of court, or judicial discretion to appear by telephone."  It further provides such procedures or protocols must "[p]ermit a party to appear in person for a proceeding at the time and place for which the proceeding was noticed, even if that party had previously notified the court of an intent to appear by telephone."  (Cal. Rules of Court, rule 5.531(b)(6).)

On June 24, 2020, petitioner appeared remotely with a deputy public defender.  At that hearing, petitioner, through counsel, objected to appearing remotely as provided in temporary local rule 6, claiming he had a right to appear in person, and that his consent was required for a remote appearance.  The court did not rule on the objection and continued the matter to July 30, 2020.

On July 6, 2020, petitioner filed a motion to physically appear in court, arguing respondent court's temporary local rule 6, which requires all appearances in juvenile court occur remotely absent a good cause finding, conflicts with emergency rule 7, which together with emergency rule 3, requires petitioner's consent for a remote hearing. Petitioner further asserted that such a construction of the emergency rules is consistent with section 679's provision that minors who are the subject of juvenile court hearings are entitled "to be present" at such hearings.  The People did not file a written opposition. At the hearing on July 30, 2020, the People argued that although emergency rule 7 "indicate[s] that hearings can be done remotely consistent with . . . emergency rule 3," emergency rule 3's provision requiring courts obtain the defendant's consent to conduct a criminal proceeding remotely does not apply to petitioner because he is not a "defendant" in a "criminal proceeding."

Respondent superior court agreed with the People and denied petitioner's motion. It found section 679 provides petitioner with a "a right to a presence, . . . but not personal presence."  It compared section 679, which states a minor has a right "to be present" with Penal Code section 977, which states a criminal defendant charged with a felony has a right to "be *physically* present," (italics added) and concluded the Legislature's failure to specify a minor has a right to be *physically* present in section 679, evidences an intent not to provide minors with such a right.  The court's interpretation of section 679 informed its interpretation of the emergency rules.  In rejecting petitioner's claim that emergency rules 7 and 3 together require a court obtain a minor's consent before conducting a hearing in a juvenile delinquency proceeding remotely, the court indicated it was "not

6

going to . . . find these emergency rules . . . provide a greater right for personal presence" than that afforded in section 679. The court further concluded the Judicial Council did not intend "to incorporate all portions of rule 3," in particular the provision requiring a court obtain a defendant's consent before conducting a hearing in a criminal proceeding remotely, reasoning petitioner is not a "defendant" in a "criminal proceeding."

This petition for writ of mandate was filed on September 21, 2020. The People filed a preliminary opposition on October 8, 2020, and petitioner filed a reply to the preliminary opposition on October 19, 2020. We subsequently advised the parties that we were considering issuing a peremptory writ of mandate in the first instance and provided additional time to file any further opposition. (See *Palma v. U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171.) Respondent superior court filed a "response" to this court's order on November 20, 2020. (See *James G. v. Superior Court* (2000) 80 Cal.App.4th 275, 279-283 [superior court has standing to appear as a party in the appellate court to defend the validity of its ruling where issue in writ proceeding has direct effect on court's operating procedures and real party in interest lacks sufficient interest in the outcome of the proceeding].) No further opposition was filed by the People, and no reply to respondent superior court's response was filed by petitioner.

DISCUSSION

Petitioner contends respondent superior court erred in concluding he does not have a right to appear in person at his juvenile court hearings under section 679 or the emergency rules. Because the propriety of the court's ruling turns on our interpretation and application of section 679 and the emergency rules, we exercise independent review. (*In re M.P.*, *supra*, 52 Cal.App.5th at p. 1020.)

Respondent superior court denied petitioner's motion based on its determination petitioner does not have a statutory right under section 679 to be physically present at his juvenile court hearings. The court's interpretation of section 679 begs the question of what the Legislature meant by the phrase "to be present at such hearing[s]" if not to be

7

*physically* present in the courtroom. Section 679 was enacted in 1961, long before the advent of remote appearances. In fact, the Legislature did not authorize telephonic appearances until 1982, and even then, it authorized them only in certain types of civil proceedings. (See former Code Civ. Proc., §§ 575.5, 1006.5.) Given the timing of the statute's enactment, the Legislature could not have intended that a minor's right "to be present" could be satisfied by a telephonic, video, or any other type of remote appearance, as asserted by the People.

This court previously construed the phrase "to be present" in a similar context to mean the right to appear in person at the hearing. (*In re J.G.* (2008) 159 Cal.App.4th 1056, 1062.) That case concerned subdivision (a)(2) of former section 3041.5 of the Penal Code, which provided: "The prisoner shall be permitted to be present" at "[a]ll hearings for the purpose of reviewing [the] prisoner's parole suitability." (Former Pen. Code, § 3041.5, subd. (a)(2).) Like respondent superior court in this case, the trial court in that case ruled "prisoners 'have a right to be present' but not the 'right to appear in person.' " (*In re J.G.*, at p. 1061.) This court disagreed, finding, "the plain language of [Penal Code] section 3041.5, subdivision (a)(2) shows that petitioner has the statutory right to appear in person at his 'lifer's hearing.' " (*In re J.G.*, at p. 1062.) Writing for this court, Justice (now Chief Justice) Cantil-Sakauye found "no ambiguity" in the phrase " 'to be present.' " (*Id.* at p. 1065.) She explained that the definition of the adjective " 'present' " includes " 'being in view or at hand' " (Merriam-Webster's Collegiate Dictionary (11th ed. 2006) p. 982, col. 1), and concluded that nothing in that definition suggested the Legislature intended the word "present" mean something other than physical presence. (*In re J.G.*, at p. 1065.) The same is true here. Accordingly, we conclude petitioner has a statutory right to be physically present in court at his juvenile hearings pursuant to section 679.

The People argue that even if section 679 provides petitioner with a right to be physically present at his juvenile court hearings, it is of no consequence because such a

8

right is inconsistent with the emergency rules, which they contend vested respondent superior court with the authority to exclude petitioner from being physically present in court on July 30, 2020. As the People point out, the Governor's Executive Order No. N-38-20 effectively suspended statutes that may be inconsistent with the emergency rules, but only to the extent the statute is inconsistent with the emergency rules.[7] As we shall explain, the emergency rules, consistent with section 679, require courts obtain the consent of a minor before conducting juvenile delinquency proceedings remotely.

Emergency rule 7 allows courts to hold juvenile delinquency proceedings "via remote technology consistent with . . . emergency rule 3." (Emergency rule 7(c)(1).) Emergency rule 3(a)(2), in turn, provides that "[i]n criminal proceedings, courts must receive the consent of the defendant to conduct the proceedings remotely . . . ." The question here is whether the Judicial Council, by allowing courts to hold juvenile delinquency proceedings via remote technology "consistent with . . . emergency rule 3," intended to require courts obtain the consent of a minor before conducting a hearing in a juvenile delinquency proceeding remotely.

" 'When interpreting statutory provisions enacted by voter initiative or legislative action, our primary purpose is to ascertain and effectuate the intent of the enactors. [Citation.] To determine this intent, we consider the plain commonsense meaning of the language used, and construe the language in the context of the overall enactment.

---

[7] The executive order states in pertinent part: "In the event that the Judicial Council or its Chairperson, in the exercise of rulemaking authority consistent with Paragraph 2, wishes to consider a rule that would otherwise be inconsistent with any statute concerning a civil or criminal practice or procedure, the relevant statute is suspended, subject to the following conditions: [¶] a) The statute is suspended only to the extent it is inconsistent with the proposed rule; [¶] b) The statute is suspended only if the proposed rule is adopted; and [¶] c) The statute is suspended only when the adopted rule becomes effective." (Executive Order N-38-20, ¶ 3.) Neither party challenges the Judicial Council's authority to adopt the emergency rules at issue here.

[Citations.] When multiple statutory schemes are relevant, we evaluate each scheme and seek to harmonize them to carry out their evinced intent.' " (*In re E.G.* (2016) 6 Cal.App.5th 871, 876.) We shall apply these same principles in interpreting the emergency rules.

As petitioner notes, interpreting emergency rules 7 and 3 as requiring courts obtain a minor's consent before conducting a hearing in a juvenile delinquency proceeding remotely is consistent with case law interpreting section 679, which holds that "a minor who is the subject of a juvenile court hearing and who has a right to be present at that hearing, under Welfare and Institutions Code section 679, may properly be found to have waived that right if the juvenile court finds a knowing and intelligent waiver, considering the minor's age and other relevant circumstances, including intelligence, education, experience, and ability to comprehend the meaning and effect of his or her acts." (*In re Sydney M.* (1984) 162 Cal.App.3d 39, 47.)

Such an interpretation is also consistent with emergency rule 7's plain language, which makes no mention of limiting its incorporation of emergency rule 3. The emergency rules could have stated "consistent with . . . emergency rule 3(a)(1) and (3)" or "consistent with . . . emergency rule 3, with the exception of subdivision (a)(2)," or otherwise indicated an intent not to incorporate all of emergency rule 3. Instead, the rule simply reads, "consistent with . . . emergency rule 3."

The People claim that "the reference to emergency rule 3 contained within emergency rule 7 relates to the type of technology that may be used for a remote proceeding." As detailed above, emergency rule 7's plain language suggests otherwise. The People also assert that the consent requirement contained in emergency rule 3 does not apply here because petitioner is not a "defendant." As petitioner points out, emergency rule 3's use of terms applicable in adult criminal cases, such as "defendant" and "criminal proceedings," is not dispositive. (See *In re E.G.*, *supra*, 6 Cal.App.5th at p. 876 [and cases cited therein].) In *In re E.G.*, the court held Penal Code section 17,

10

subdivision (b)(3), which grants a trial court discretion to reduce a "wobbler" offense to a misdemeanor, applies in juvenile proceedings, despite its use of language that is generally not applicable to juvenile proceedings, specifically " 'defendant' " and " 'sentence.' " (*In re E.G.*, at pp. 874, 876.) In so doing, the court explained, "[C]ourts must look, if applicable, to the 'broader context to expand upon the clear language chosen by the Legislature,' " or in this case, the Judicial Council. (*Id.* at p. 876.) When considered in the broader context, we conclude emergency rule 3's use of adult criminal terminology does not reflect an intent to exclude juvenile offenders from its provisions.

The People also insist "[p]etitioner's lack of physical presence in juvenile court was harmless and petitioner has failed to establish that he will suffer substantial damage if the instant writ is denied." (Bolding and initial capitalization omitted.) As a preliminary matter, respondent superior court did not simply rule that petitioner did not have a right to appear at the July 30, 2020, hearing; rather, it held that petitioner does not have a right to personally appear at *any* of his juvenile delinquency proceedings absent a finding of good cause. As discussed above, this was error. Petitioner does have a right to appear at such hearings. The People also claim petitioner, who is out of custody, cannot establish he will suffer substantial damage if the writ is denied because the juvenile court has the option to continue the proceedings until after the pandemic. The fact remains, however, that respondent superior court has not exercised this option. Thus, absent this court's intervention, petitioner and other minors in pending delinquency proceedings will continue to be barred from being physically present at juvenile court hearings absent a good cause finding.

Finally, this court appreciates the dire situation the pandemic presents as well as respondent superior court's efforts to maintain a safe environment for court users, judicial officers, court staff, the public, and others. As detailed above, however, to the extent respondent superior court's temporary local rules, in particular temporary local rules 6 and 8, provide that a minor who is the subject of a juvenile delinquency proceeding must

11

appear remotely absent a finding of good cause for a live physical appearance, they are in conflict with section 679 and emergency rule 7.

## DISPOSITION

Having complied with the procedural requirements for issuance of a peremptory writ in the first instance, we are authorized to issue a peremptory writ forthwith. (See *Palma v. U.S. Industrial Fasteners, Inc.*, *supra*, 36 Cal.3d at p. 171.) Let a peremptory writ of mandate issue: (1) directing Yolo County Superior Court to vacate its July 30, 2020, ruling denying petitioner's motion to physically appear in juvenile court with the judge at his juvenile court hearings and enter a new and different order granting the motion; and (2) further directing the superior court that temporary local rules 6 and 8 are not to be applied, henceforth, in juvenile delinquency cases to the extent they are inconsistent with this opinion.

/s/ _____
Robie, Acting P. J.

We concur:

/s/ _____
Hoch, J.

/s/ _____
Renner, J.