v.

**STATE of Alaska, Appellee.**

No. 4618.

Supreme Court of Alaska.

Dec. 28, 1979.

---

Mary E. Greene, Asst. Public Defender, Fairbanks, Brian Shortell, Public Defender, Anchorage, for appellant.

Robert Coats, Asst. Atty. Gen., Fairbanks, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER and BURKE, JJ.

## OPINION

BURKE, Justice.

The issues presented by this appeal are (1) whether the superior court erred in conducting a juvenile "waiver hearing" in the absence of the minor named in the petition and (2) whether there was sufficient evidence that the minor was not amenable to treatment to support the court's ultimate decision to waive its juvenile jurisdiction, thereby permitting the minor to be prosecuted as an adult.[1]

■ The minor, N.P.A., concedes that the court had probable cause for believing that she is a delinquent.[2] Thus, we need not address that issue. Nor are we required to consider whether the court obtained jurisdiction over N.P.A.'s person. Although her only appearance in the Alaska proceedings was in writing and through counsel, she

makes no contention here that such jurisdiction was never acquired.

The specific act of which N.P.A. stands accused is that of killing her husband. On January 4, 1979, Laren J. Zager, a juvenile officer, filed a petition in the superior court alleging that N.P.A. had committed the foregoing act. The petition requested that a hearing be held to determine the truth of the allegation and that, if the allegation were found to be true, the court "waive the above-named minor for prosecution as an adult." If prosecuted as an adult, she will be required to answer a charge of murder in the first degree. See AS 11.15.010.

At the time that the petition was filed N.P.A. was in custody in the State of Washington, where she had been apprehended after her husband's death was discovered. At all times relevant to this appeal she remained in custody in that state.

N.P.A. was personally served with a copy of the petition and various notices to appear at the waiver hearing. One such notice, in the form of a summons, advised her partly as follows:

> [T]he purpose of this hearing will be to determine whether or not this Children's Court should waive jurisdiction of the above named minor by reason of the acts alleged in petition(s) filed in this Court . . . .. Should the Court determine that the above-named minor *is not amenable to treatment as a child*, children's jurisdiction will be waived and *[s]he will be remanded to adult Court for prosecution* as an adult. [Emphasis in original.]

In a separate notice she was advised: "If you are not present at the hearing, the court has authority to conduct the hearing in your absence."

In an affidavit executed on February 27, 1979, N.P.A. stated:

---

1. AS 47.10.060(a) provides:

   If the court finds at a hearing on a petition that there is probable cause for believing that a minor is delinquent and finds that the minor is not amenable to treatment under [the statutes pertaining to the treatment of delinquent children], it shall order the case closed. After a case is closed under this subsection, the minor may be prosecuted as if he were an adult.

   Hearings conducted under this section are commonly called "waiver hearings." See Rule 3, Alaska R. Children's P.

2. A "delinquent minor" is defined by statute as one who the court determines has "violat[ed] a criminal law of the state or a municipality of the state." AS 47.10.010(a)(1); AS 47.10.-290(2).

1. . . . I understand that I am alleged to have committed the crime of First Degree Murder in the State of Alaska.

2. I am currently facing the possibility of extradition with respect to this charge.

3. I understand that I may have a defense to extradition.

4. I am currently represented by Clark County [Washington] Legal Defender Services on the extradition matter.

5. I hereby agree that if the State of Alaska will make a binding agreement, on the record, that should I return voluntarily to the State of Alaska, I will be treated as a juvenile with respect to all offenses committed by me and presently known to the State of Alaska, I will voluntarily return.

Ultimately, the superior court found "that [N.P.A.] voluntarily failed to appear at the hearing by refusing to waive extradition from the State of Washington," and that "had the minor waived extradition the state would have had her present at the hearing." The court, therefore, determined that it could hold the waiver hearing in her absence.

We conclude that under the circumstances present in this case it was not error to conduct the waiver hearing in the minor's absence. There is no dispute that N.P.A. had a constitutional right to attend the waiver hearing. *See P. H. v. State*, 504 P.2d 837 (Alaska 1972). However, we believe that the record supports the superior court's conclusion that she gave up that right by voluntarily failing to avail herself of the opportunity to appear. That she fully understood that she had that right is abundantly clear from the statements contained in her own affidavit of February 27, 1979. Since the hearing otherwise "measure[d] up to the essentials of due process and fair treatment," we conclude that there was no error. *Id.* at 842, *quoting Kent v.*

*United States*, 383 U.S. 541, 562, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84, 98 (1966). In reaching this conclusion we are mindful of the differences between a waiver hearing and a hearing to determine the question of guilt. As noted in *In the Matter of F. S.*, 586 P.2d 607, 611–12 (Alaska 1978), such proceedings are not criminal in nature and are dispositional, rather than adjudicatory: a waiver hearing "does not result in any determination of guilt or innocence or in any confinement or punishment." *Id.* at 612.

With regard to N.P.A.'s remaining contention, that there was insufficient evidence to support the superior court's conclusion that she was not amenable to treatment and thereby a fit candidate for prosecution as an adult, we again conclude that there was no error. The state's burden of proof on this issue was proof by a preponderance of the evidence. *Id.* We believe that that standard was met.

AFFIRMED.

RABINOWITZ, C. J., dissents.

MATTHEWS, J., not participating.

RABINOWITZ, Chief Justice, dissenting.

I agree with the majority's conclusion that the minor has a constitutional right to attend the waiver hearing. In *P. H. v. State*, 504 P.2d 837, 842–43 (Alaska 1972), this court held that a minor in a waiver hearing possesses the right to confront witnesses, and that this right is grounded on the Sixth Amendment to the United States Constitution and upon article I, section 11 of the Alaska Constitution.[1] Furthermore, I am of the view that conducting a waiver hearing in the minor's absence is inconsistent with Alaska's Children's Rules. Children's Rule 12 makes clear that the child must be present for the court to conduct a child's hearing regarding delinquency, dependency, or disposition. Although Children's Rule 3, which governs waiver pro-

---

1. In *R.L.R. v. State*, 487 P.2d 27, 31 (Alaska 1971), the minor's right of confrontation in delinquency proceedings was recognized.

ceedings, is silent with respect to the subject of the minor's presence, the explicit requirement of presence provided for in Children's Rule 12 emphasizes the need for the presence of the child at the waiver hearing, since the waiver hearing can result in the loss of the protections afforded the child by the state which are embodied in the children's system. Among other values, the child also stands to lose the children's system's protection from public scrutiny.

My disagreement with the court's opinion goes to the holding that the minor voluntarily waived her right to appear at the superior court waiver hearing in Alaska. Admittedly, the right to be present is waivable, but before waiver can be found it must be shown that the waiver was an intentional, intelligent, and voluntary relinquishment of a known right. *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 1466 (1938). In my view, the record in the case at bar does not support a finding of either an express or implied waiver of the right to be present. By concluding that the minor voluntarily waived her right to be present at the waiver hearing, the court in effect requires her to waive arguably meritorious defenses to an allegedly unlawful extradition proceeding in order to preserve her constitutional right to be present at any waiver hearing conducted by the superior court in Alaska. In my view, it is impermissible to condition the minor's exercise of her constitutional right to attend the waiver hearing upon the minor's waiver of her due process rights with regard to the extradition proceedings.