No. 57,772

STATE OF KANSAS, *Appellee,* v. SHIMA R. MUHAMMAD, *Appellant.*

(703 P.2d 835)

Opinion filed July 26, 1985.

*Jacqueline Edgar-Austin,* of Prairie Village, argued the cause and was on the brief for appellant.

*Bruce W. Beye,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Dennis W. Moore,* district attorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Shima R. Muhammad, following her conviction by a jury of one count of conspiracy to commit felony theft and one count of felony theft, appeals from the decision and order of the district court waiving jurisdiction under the Kansas juvenile offenders code (K.S.A. 1984 Supp. 38-1601 *et seq.*) and ordering appellant tried as an adult.

On December 26, 1983, appellant, a resident of Missouri, was employed as a cashier at the Venture store in Overland Park. She

was seventeen years of age at the time. While so employed she allowed members of her family and friends to take merchandise through the checkout line without paying or at reduced prices. She was taken into custody and charged as a juvenile offender. The State filed a motion for waiver of the court's jurisdiction under the juvenile offenders code (K.S.A. 1984 Supp. 38-1636), and sought prosecution of Muhammad as an adult. The court appointed counsel for Muhammad and set the matter for hearing for January 26, 1984. On that date Muhammad appeared with counsel and sought a continuance. The matter was rescheduled for February 2, 1984. On February 1, 1984, counsel sought another continuance which was granted and the hearing rescheduled for February 7, 1984.

The hearing was finally held on February 7, 1984. Neither Muhammad nor her parents appeared, although her attorney was present. He stated that she was not present because, according to information he had received, she had been mistakenly arrested that morning in Jackson County, on a warrant that had been issued for her sister. While there is no evidence in the record supporting counsel's statement, we accept it as true and, therefore, we will assume Muhammad's absence from the hearing was not voluntary on her part. The court then allowed the hearing to proceed without Muhammad's presence pursuant to K.S.A. 1984 Supp. 38-1636(d). Her attorney cross-examined the State's witnesses, but declined to present testimony. At no time did her attorney seek another continuance and no objection was made to proceeding. The court found that Muhammad was "not a fit and proper subject to be dealt with under the Juvenile Code of the State of Kansas" and waived its jurisdiction under Chapter 38 of K.S.A. The juvenile complaint was dismissed and the Johnson County district attorney filed criminal charges which led to her conviction. She has now appealed pursuant to K.S.A. 1984 Supp. 38-1681(a) and the case was transferred to this court under K.S.A. 20-3018(c).

The sole issue on appeal is: Was the defendant/appellant denied due process of law when the court waived its juvenile jurisdiction over her, pursuant to K.S.A. 1984 Supp. 38-1636(d), without her being present at the hearing? No issues are raised concerning the actual trial of the defendant and the record does

not disclose any objection by defendant to being tried as an adult on the criminal charges.

K.S.A. 1984 Supp. 38-1636 provides in part:

"(a) At any time after commencement of proceedings under this code against a respondent who was 16 or more years of age at the time of the offense alleged in the complaint and prior to entry of an adjudication or the beginning of an evidentiary hearing at which the court may enter adjudication as provided in K.S.A. 1982 Supp. 38-1655, the county or district attorney may file a motion requesting that the court authorize prosecution of the respondent as an adult under the applicable criminal statute.

. . . .

"(c) Upon receiving a motion to authorize prosecution as an adult, the court shall set a time and place for hearing on the motion. The court shall give notice of the hearing to the respondent, each parent of the respondent, if service is possible, and the attorney representing the respondent. The motion shall be heard and determined prior to any further proceedings on the complaint.

"(d) If the respondent fails to appear for hearing on a motion to authorize prosecution as an adult after having been properly served with notice of the hearing, the court may hear and determine the motion in the absence of the respondent. If the court is unable to obtain service of process and give notice of the hearing, the court may hear and determine the motion in the absence of the respondent after having given notice of the hearing once a week for two consecutive weeks in a newspaper authorized to publish legal notices in the county where the hearing will be held.

. . . .

"(f) The court may authorize prosecution as an adult upon completion of the hearing if the court finds that the respondent was 16 or more years of age at the time of the alleged commission of the offense and that there is substantial evidence that the respondent should be prosecuted as an adult for the offense with which the respondent is charged. In that case, the court shall direct the respondent be prosecuted under the applicable criminal statute and that the proceedings filed under this code be dismissed."

At the outset it should be noted that appellant makes no attack upon the factual determination that she was not amenable to juvenile proceedings and should be tried as an adult. The thrust of the appellant's argument is that her constitutional right to due process of law was violated when the hearing was held without her presence, not that there was insufficient evidence to support a waiver of juvenile jurisdiction. Additionally, appellant does not purport to make a direct attack upon the constitutionality of K.S.A. 1984 Supp. 38-1636(d) but asserts that under the facts of this particular case she was denied her right to due process.

In *Kent v. United States,* 383 U.S. 541, 16 L.Ed.2d 84, 86 S.Ct. 1045 (1966), the Supreme Court considered the validity of a waiver of jurisdiction by the District of Columbia Juvenile

Court. The Juvenile Court had entered its order waiving jurisdiction without any hearing and without ruling on pending motions filed by the child's counsel and which were relevant to the waiver issue. The judge gave no reasons for the granting of the waiver. The court found that the order waiving jurisdiction was erroneous and remanded the case for a hearing on whether waiver was appropriate. In reaching its decision the Supreme Court stated:

"[T]here is no place in our system of law for reaching a result of such tremendous consequences without ceremony—without hearing, without effective assistance of counsel, without a statement of reasons." 383 U.S. at 554.

The court went on to hold that the determination to waive juvenile jurisdiction is a "critically important" proceeding and that the court must set forth its reasons and considerations for granting waiver. The court also said:

"We do not mean by this to indicate that the hearing to be held must conform with all of the requirements of a criminal trial or even of the usual administrative hearing; but we do hold that the hearing must measure up to the essentials of due process and fair treatment. *Pee v. United States,* 107 U.S. App. D.C. 47, 50, 274 F.2d 556, 559 (1959)." 383 U.S. at 562.

Our statute, based largely on *Kent,* provides numerous safeguards in the procedure for determination of whether a juvenile is to be prosecuted as an adult.

The court in *In re Gault,* 387 U.S. 1, 18 L.Ed.2d 527, 87 S.Ct. 1428 (1967), held that a child was denied due process of law unless juvenile delinquency proceedings which may lead to commitment in a state institution measure up to the essentials of due process and fair treatment, including (1) written notice of the specific charge or factual allegations given to the child and his parents or guardian sufficiently in advance of the hearing to permit preparation; (2) notification to the child and his parents of the child's right to be represented by counsel retained by them or if they are unable to afford counsel, that counsel will be appointed to represent the child; (3) application of the constitutional privilege against self-incrimination; and (4) absent a valid confession, a determination of delinquency and an order of commitment based only on sworn testimony subjected to the opportunity for cross-examination in accordance with constitutional requirements. The court noted in the opinion that "neither the Fourteenth Amendment nor the Bill of Rights is for adults alone." 387 U.S. at 13.

As of this time the United States Supreme Court, while recognizing that juveniles are entitled to certain constitutional safeguards including due process of law, has never determined whether due process requires the juvenile's physical presence at a waiver hearing. We do not think it does. In Kansas, a juvenile proceeding has long been considered a civil proceeding of a protective nature totally divorced from any criminal implications. See K.S.A. 1984 Supp. 38-1601. The noncriminal nature of juvenile proceedings has most recently been affirmed in *In re Mary P.*, 237 Kan. 456, 701 P.2d 681 (1985). In *State, ex rel., v. Owens*, 197 Kan. 212, 416 P.2d 259 (1966), we stated:

"So long as the proceeding in the juvenile court is in the nature of a protective proceeding entirely concerned with the welfare of the child, and conforms to the substantive requirements of essential due process, there is no constitutional shortcoming. The whole design of the juvenile law is to avoid charging the juvenile offender with crime, thus making inappropriate application of the criminal laws of the state. The breadth of the court's authority to deal with juveniles is matched by a corresponding breadth of responsibility to protect the minor's interests. The validity of the whole juvenile system is dependent upon its adherence to its protective, rather than its penal, aspects. *Dispensing with formal constitutional safeguards can be justified only so long as the proceedings are not, in any sense, criminal.*

"We hold confinement in à penal institution will convert the proceedings from juvenile to criminal and require the observance of constitutional safeguards. The noncriminal aspect is the legal backbone of the constitutionality of all American juvenile court legislation. If after a juvenile proceeding, the juvenile can be committed to a place of penal servitude, the entire claim of *parens patriae* becomes a hypocritical mockery. Such action confines a person in a penal institution without having been found guilty of a crime." p. 223.

Only a few courts have considered the question of whether a juvenile has the absolute right to be present at a waiver hearing. As might be expected there is a split in the results reached in those decisions. See *State v. Tuddles,* 38 N.J. 565, 186 A.2d 284 (1962), presence required; *N.P.A. v. State,* 604 P.2d 599 (Alaska 1979), voluntary waiver by refusing to consent to extradition; *State in re Schreuder,* 649 P.2d 19 (Utah 1982), presence not required when counsel present and juvenile refused to appear; *In re Sidney M.,* 162 Cal. App. 3d 39, 208 Cal. Rptr. 378 (1984), statutory right to be present waived.

In *Kent v. United States* the court, in its consideration of the District of Columbia statute, stated:

"The statute does not permit the Juvenile Court to determine in *isolation* and

*without the participation or any representation of the child* the 'critically important' question whether a child will be deprived of the special protections and provisions of the Juvenile Court Act." 383 U.S. at 553. (Emphasis added.)

Some courts have seized upon the language in *Kent* that a waiver may not be granted without a hearing and "without the participation or any representation of the child" to determine that the presence of the child is not necessary if counsel is present. In *State in re Schreuder*, 649 P.2d at 23, the court stated:

"The leading case on a juvenile's due process right to be heard in a certification proceeding is *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966). In that case, where the District of Columbia statute made no provision for a hearing on the question of certification and where the child was neither present nor represented by counsel at any hearing on that question, the Court held that 'the "critically important" question whether a child will be deprived of the special protections of the Juvenile Court Act' could not be determined 'in isolation and *without the participation or any representation of the child. . . .' Id.* at 553, 86 S.Ct. at 1053. (Emphasis added.) The state distinguishes the Kent holding by the fact that the disjunctive *or* in this passage suggests that 'representation' of the juvenile satisfies due process even without the child's 'participation' or presence. We agree." p. 23.

Others rely upon the distinction between the adjudicatory nature of a criminal proceeding and the dispositional nature of a waiver proceeding. For example, the court in *N.P.A. v. State*, 604 P.2d at 601, said:

"We conclude that under the circumstances present in this case it was not error to conduct the waiver hearing in the minor's absence. There is no dispute that N.P.A. had a constitutional right to attend the waiver hearing. *See P. H. v. State*, 504 P.2d 837 (Alaska 1972). However, we believe that the record supports the superior court's conclusion that she gave up that right by voluntarily failing to avail herself of the opportunity to appear. That she fully understood that she had that right is abundantly clear from the statements contained in her own affidavit of February 27, 1979. Since the hearing otherwise 'measure[d] up to the essentials of due process and fair treatment,' we conclude that there was no error. *Id*, at 842, *quoting Kent v. United States*, 383 U.S. 541, 562, 86 S.Ct. 1045, 1057, 16 L.Ed.2d 84, 98 (1966). In reaching this conclusion we are mindful of the differences between a waiver hearing and a hearing to determine the question of guilt. As noted in *In the Matter of F.S.*, 586 P.2d 607, 611-12 (Alaska 1978), such proceedings are not criminal in nature and are dispositional, rather than adjudicatory: a waiver hearing 'does not result in any determination of guilt or innocence or in any confinement or punishment.' *Id.* at 612."

From what has been said, it appears obvious that a juvenile waiver proceeding is a critically important proceeding which requires a hearing, notice and an opportunity to be present in

person or by counsel or both. We note that K.S.A. 1984 Supp. 38-1606(a) requires an attorney "at every stage of the proceedings" under the juvenile offenders code. It is equally clear that a juvenile may waive his or her appearance if such waiver is knowingly and voluntarily made. The critical question here is whether the court may conduct a hearing without a voluntary waiver of appearance by the juvenile if counsel is present and allowed to participate on the juvenile's behalf. We hold that it may. While a waiver hearing involves a substantial right subject to the requirements of due process, it is not adjudicatory in nature in that it does not result in any determination of guilt or innocence or in confinement or punishment. It is merely a preliminary process to determine the type of adjudicatory procedure to be carried out at a later date. The only decision is dispositional in that the court determines whether further proceedings will be under the juvenile offenders code or under the Kansas criminal code. As indicated earlier the statutes require that the juvenile must be represented and that the attorney be present for the hearing. Under such circumstances, the defendant was not denied due process of law.

We hold that when the provisions of K.S.A. 1984 Supp. 38-1636 requiring a hearing, notice and the right of the juvenile to be present and participate in the hearing are met, along with the statutory requirement of counsel, the "essentials of due process and fair treatment" required by *Kent* are satisfied even though the juvenile fails to appear.

The judgment is affirmed.