No. 103,816

STATE OF KANSAS, *Appellee*, v. CHARLES JONES, *Appellant*.

(257 P.3d 268)

Opinion filed August 12, 2011.

*Charles L. Jones*, appellant pro se, was on the briefs for appellant.

*Christopher L. Schneider*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Steve Six*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, J.: Charles Jones appeals from the district court's summary denial of his motion to correct an illegal sentence. Jones, who was 16 years of age in 1998 when he was charged with first-degree murder and aggravated burglary, argued in his motion that the district court did not have jurisdiction to sentence him as an adult because the State and the district court did not comply with

statutory and constitutional requirements regarding notice to him and his parents. The district court, citing to K.S.A. 60-1507, summarily denied the motion. We affirm, concluding the motion conclusively shows Jones has not established a basis for determining his sentence is illegal.

## FACTS AND PROCEDURAL BACKGROUND

The district court certified Jones to stand trial as an adult on the charge of first-degree murder for the July 21, 1998, shooting death of Robert Trzok. See *State v. Jones*, 273 Kan. 756, 757, 47 P.3d 783, *cert. denied* 537 U.S. 980 (2002) (*Jones I*). In February 2000, a jury convicted Jones of the charge, and the district court sentenced Jones to life in prison with no chance of parole for 25 years. Jones directly appealed, alleging (1) the State violated his due process rights by failing to provide his mother with notice of its motion to prosecute him as an adult as required by K.S.A. 1998 Supp. 38-1636(c) (repealed L. 2006, ch. 169, sec. 140); (2) the district court erred in waiving him to adult prosecution; (3) the district court improperly limited his cross-examination of his accomplice; and (4) the prosecutor committed misconduct during closing argument. This court rejected these arguments and affirmed Jones' conviction and sentence. *Jones I*, 273 Kan. at 758.

Jones brought a second attack on the proceeding to certify him as an adult when, on July 9, 2004, he filed a pro se K.S.A. 60-1507 motion alleging ineffective assistance of counsel at his juvenile waiver hearing. The district court appointed counsel to represent Jones, conducted an evidentiary hearing on the K.S.A. 60-1507 motion, and denied Jones relief. On appeal, the Court of Appeals determined that counsel's performance at the waiver hearing was deficient because counsel did not present any evidence to rebut the presumption in K.S.A. 1998 Supp. 38-1636(a)(2) that Jones should be tried as an adult. *Jones v. State*, No. 99,370, 2009 WL 863106, at *4 (Kan. App. 2009) (unpublished opinion), *rev. denied* 289 Kan. 1279 (2010) (*Jones II*). Nevertheless, the Court of Appeals ruled that Jones was not prejudiced by counsel's performance because the factors weighing in favor of certifying Jones as an adult were so strong there was no reasonable probability that any evi-

dence defense counsel could have presented would have been successful. *Jones II,* 2009 WL 863106, at *4. In addition, "Jones claim[ed] that his due process rights under the United States Constitution were violated because he was not appointed counsel before signing the waiver of extradition *and his parents were not notified of his detention* even though he was a juvenile." (Emphasis added.) *Jones II,* 2009 WL 863106, at *1. The Court of Appeals rejected Jones' arguments, concluding that even if it accepted that there were irregularities in the proceedings, they did "not alter this court's jurisdiction." *Jones II,* 2009 WL 863106, at *2.

Approximately 3 months after the Court of Appeals' decision denying him relief, Jones filed the motion to correct an illegal sentence that is the subject of this appeal. Jones mainly argued that the juvenile waiver proceedings were defective because: (1) The complaint in his case did not comply with K.S.A. 1998 Supp. 38-1622 (repealed L. 2006, ch. 169, sec. 140) because it did not contain his parents' names and addresses and, thus, they were not provided with notice of the charges, Jones' right to counsel, or the waiver hearing; (2) the State failed to comply with K.S.A. 38-1625(b) (Furse 1993) (repealed L. 2006, ch. 169, sec. 140) when it failed to serve a copy of the complaint on Jones and his parents at the detention hearing; and (3) the district court did not comply with *In re Gault,* 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967).

Without holding a hearing, the district court denied Jones' motion in a letter decision, stating:

"Defendant's issue of the sufficiency of the juvenile waiver proceeding was raised and denied on direct appeal and also in his action pursuant to K.S.A. 60-1507, which was appealed and affirmed in March of this year. Clearly, K.S.A. 60-1507 states: 'The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner.' Defendant's motion is therefore denied."

Jones appealed, arguing the district court erred because (1) K.S.A. 60-1507 does not apply to his motion to correct an illegal sentence, which was filed pursuant to K.S.A. 22-3504, and (2) his motion is not a successive motion seeking similar relief because, although he has previously complained about the lack of notice to

his parents in the juvenile proceedings, he has not specifically complained of a failure to comply with K.S.A. 1998 Supp. 38-1622 or K.S.A. 38-1625(b) (Furse 1993).

## SUMMARY DISMISSAL

In making his first argument that K.S.A. 60-1507 does not apply to his motion to correct an illegal sentence, which was filed pursuant to K.S.A. 22-3504, Jones fails to recognize that this court has directed district courts that are considering a motion to correct an illegal sentence filed more than 10 days after sentencing to conduct a preliminary review of the motion comparable to that conducted under the provisions of K.S.A. 60-1507. See, *e.g.*, *State v. Duke*, 263 Kan. 193, 194-96, 946 P.2d 1375 (1997) (upholding summary dismissal of motion to correct illegal sentence, based on K.S.A. 60-1507 provision imposing duty on a district court to conduct a preliminary examination to determine if motion raises substantial issues of law or fact); *State v. Nunn*, 247 Kan. 576, 584-85, 802 P.2d 547 (1990) (upholding district court's decision not to appoint counsel to represent movant on motion for new trial, based on K.S.A. 60-1507 provision conditioning appointment of counsel on finding substantial issues of law or fact are presented). Based on that preliminary review, the district court may dismiss a motion to correct an illegal sentence " 'without a hearing or appointment of counsel if the district court determines the motion, files, and records of the case conclusively show the defendant is not entitled to relief.' " *State v. Howard*, 287 Kan. 686, 690, 198 P.3d 146 (2008) (quoting *State v. Hoge*, 283 Kan. 219, 224, 150 P.3d 905 [2007]); accord *State v. Pennington*, 288 Kan. 599, 601, 205 P.3d 741 (2009).

Here, the district court summarily denied Jones' motion. Under such circumstances, our review is de novo. Like the district court, we must determine whether Jones' motion, records, and files conclusively show that he is entitled to no relief. See *Howard*, 287 Kan. at 691.

## NOT AN ILLEGAL SENTENCE

While the district court determined that the motion was successive, a point that Jones disputes, there is a more fundamental prob-

lem with Jones' motion: K.S.A. 22-3504 is not an appropriate vehicle for addressing the issues that Jones has raised.

"K.S.A. 22-3504 only applies if a sentence is illegal. The question of whether a sentence is illegal is a question of law over which this court has unlimited review. An illegal sentence is a sentence imposed by a court without jurisdiction, a sentence which does not conform to the statutory provision, either in character or the term of the punishment authorized, or a sentence which is ambiguous with regard to the time and manner in which it is to be served." *State v. Deal*, 286 Kan. 528, Syl. ¶ 1, 186 P.3d 735 (2008).

Jones has recognized the grounds for a motion to correct an illegal sentence are limited and has argued the district court lacked jurisdiction to convict and sentence him as an adult because of the State's and district court's failure to comply with various notice provisions that applied to the juvenile proceedings and the hearing regarding waiver of juvenile jurisdiction. The record substantiates the accuracy of Jones' factual arguments: The complaint did not contain his parents' names and addresses, and the State failed to serve a copy of the complaint on Jones' parents at the detention hearing. Nevertheless, Jones' argument still fails because these procedural defects did not deprive the district court of jurisdiction to impose a sentence.

Jones' argument is essentially that (a) the failure to comply with the due process requirements of *In re Gault*, 387 U.S. 1, deprives a district court of jurisdiction, (b) the State and district court failed to comply with *In re Gault*'s requirements, and (c) the district court, therefore, lacked jurisdiction. The problem with this argument is that *In re Gault* does not govern the detention hearing and other juvenile proceedings about which Jones complains. See *Jones I*, 273 Kan. at 764-67.

In *Jones I*, we explained that *In re Gault* addressed the due process requirements related to a juvenile *hearing on the merits*. Under the state procedure at issue in *In re Gault*, a determination on the merits was a determination as to "delinquency"; in Kansas, a determination on the merits is a determination whether the respondent is a juvenile offender. Jones' juvenile proceedings had not reached that point and never reached that point because juvenile jurisdiction was waived and the final determination of the

merits of the State's complaint was reached in the criminal pro-
ceeding where Jones was prosecuted as an adult.

Consequently, we concluded in *Jones I* that *In re Gault* did not
control the analysis. Rather, we noted the analysis was controlled
by *Kent v. United States*, 383 U.S. 541, 86 S. Ct. 1045, 16 L. Ed.
2d 84 (1966), in which the United States Supreme Court discussed
the due process requirements related to a proceeding to waive
juvenile jurisdiction. See *Jones I*, 273 Kan. at 764-67. The *Kent*
Court held the basic due process requirements of a waiver pro-
ceeding are a hearing, effective assistance of counsel, and a state-
ment of the basis for the waiver. *Kent*, 383 U.S. at 557, 561-62.

In the *Jones I* decision, we then turned to *State v. Muhammad*,
237 Kan. 850, 703 P.2d 835 (1985), which had synthesized *Kent*
and *In re Gault*. In *Muhammad*, the juvenile, who had not ap-
peared at the waiver hearing because she had been arrested the
morning of the hearing as the result of mistaken identity, argued
she had been deprived of due process when the district court
waived juvenile jurisdiction without her being present. This court
rejected Muhammad's due process argument because a waiver
hearing is not adjudicatory in nature. *Muhammad*, 237 Kan. at 856.
Although not discussed in the opinion, Muhammad could not have
been served with a copy of the complaint at a hearing she did not
attend and, like Jones, she was deprived of the notice required by
Kansas statute. Yet, the *Muhammad* court found the district court
did not err in proceeding with the waiver hearing.

Relying on the *Muhammad* holding, in *Jones I* we first noted
that "the hearing was not adjudicatory but dispositional. While a
substantial right was involved, the hearing did not result in the
determination of guilt or confinement." *Jones I*, 273 Kan. at 766.
We then held: "As the discussion of *Gault* in *Muhammad* shows,
Jones was afforded the necessary protections of due process when
he was present and represented by counsel at all critical stages of
the proceedings." *Jones I*, 273 Kan. at 767.

The State argues this analysis disposes of all aspects of Jones'
due process argument relating to defects in the juvenile proceeding
and the waiver of juvenile jurisdiction. Jones responds by arguing
that *In re Gault* requires a different outcome than we reached in

*Jones I.* Obviously, this argument ignores the preclusive effect of our holding in *Jones I.* It also fails to recognize the distinction between the holding in *In re Gault* and the holding in *Kent* as recognized in both *Muhammad* and *Jones I.* In sum, Jones' argument lacks legal merit because *In re Gault* does not apply to the stage of the proceedings about which Jones complains. Rather, *Kent* controls and defines Jones' due process rights in the juvenile waiver proceeding.

Jones has not established a due process violation that would have deprived the district court of jurisdiction. Consequently, there is no basis for finding that he received an illegal sentence, and the district court did not err in denying Jones' motion.

Affirmed.

HILL, J., assigned.