NOT DESIGNATED FOR PUBLICATION

No. 111,843

IN THE SUPREME COURT OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GORDON R. BARNES, JR.,
*Appellant.*

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BENJAMIN L. BURGESS, judge. Opinion filed January 22, 2016. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, was on the brief for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

JOHNSON, J.: Gordon R. Barnes, Jr., appeals the district court's summary denial of his pro se motion to correct an illegal sentence. Barnes purports to raise the single issue on appeal that the district court erred in summarily denying his motion, albeit he makes three arguments in support of this issue: (1) Under K.S.A. 22-3504, the district court did not have the authority to summarily deny his motion, notwithstanding this court's holding in *State v. Duke*, 263 Kan. 193, 195-96, 946 P.2d 1375 (1997); (2) on the merits, his sentence is illegal because a defective complaint deprived the sentencing court of jurisdiction to impose the sentence; and (3) in the alternative, the district court should have liberally construed his motion as a K.S.A. 60-1507 action intimating a claim of

1

ineffective assistance of counsel. We reject all three arguments and affirm the district court.

FACTUAL AND PROCEDURAL OVERVIEW

In May 1995, Barnes and his codefendant, Kristy Wilson, were charged with one count of first-degree premeditated murder and one count of aggravated kidnapping. The aggravated kidnapping count in the complaint stated, in relevant part:

> "GORDON R. BARNES, JR. and KRISTY L. WILSON, did then and there unlawfully, intentionally, take or confine a person, to-wit:  Roger W. Santo, Jr., accomplished by deception, with the intent to hold Roger W. Santo to facilitate the commission of a crime, to-wit:  First Degree Murder, and did inflict bodily harm upon the person of Roger W. Santo."

Barnes was convicted of both counts and given a hard 40 life sentence for the murder conviction and a consecutive 178 months for the aggravated kidnapping charge. In his direct appeal, Barnes challenged the constitutionality of the competency statutes; the district court's determination that he was competent to stand trial; the refusal to instruct on self-defense; and the failure to consider mitigation evidence at sentencing. *State v. Barnes*, 263 Kan. 249, 262-67, 948 P.2d 627 (1997). This court affirmed Barnes' convictions and sentences. 263 Kan. at 269.

Many years later, on April 1, 2013, Barnes filed a pro se motion to correct an illegal sentence, along with a motion for appointment of counsel. The motion to correct an illegal sentence argued that the district court was without jurisdiction to sentence him on the aggravated kidnapping charge because that count in the complaint was defective. Barnes argued that the trial evidence indicated that he "set in motion the acts that [were] committed by Kristy L. Wilson but [Barnes] never deceived the victim in any manner."

2

Therefore, he argued, the district court was without jurisdiction to convict him of aggravated kidnapping because the complaint does not state what acts he undertook to facilitate the aggravated kidnapping and the complaint did not charge him as an aider and abettor or coconspirator. Barnes' motion for appointment of counsel alleged that he was in need of an attorney to cross-examine witnesses and because of the complexity of the issues.

The State's response to the motion to correct an illegal sentence asserted that our decision in *Duke* authorized the district court to summarily deny Barnes' motion if it was without merit. The State argued that summary denial was appropriate because Barnes was attempting to collaterally attack his underlying aggravated kidnapping conviction, rather than to correct an illegal sentence.

The district court agreed. It determined that *Duke* permitted a summary denial; that Barnes was seeking to use the motion to correct an illegal sentence statute, K.S.A. 22-3504, as a vehicle for a collateral attack on a conviction; and that relief from a conviction is not available under that statute, making summary denial appropriate.

Barnes filed a direct appeal to this court, which has jurisdiction pursuant to K.S.A. 2014 Supp. 22-3601(b)(3). See *State v. Pennington*, 288 Kan. 599, 599, 205 P.3d 741 (2009) (jurisdiction over appeal of motion to correct illegal sentence lies with court that had jurisdiction to hear original appeal).

SUMMARY DENIAL OF MOTION TO CORRECT AN ILLEGAL SENTENCE

*Standard of Review*

Our review of the issue raised and all arguments asserted by Barnes in support thereof is de novo. See *Makthepharak v. State*, 298 Kan. 573, 575, 577, 314 P.3d 876

3

(2013) (determination of whether statutory interpretation should be changed is reviewed de novo; appellate court reviews district court's summary denial of motion to correct illegal sentence de novo).

*Analysis*

Barnes makes the now-familiar argument that the plain language of K.S.A. 22-3504 does not contemplate a summary denial by the district court. Rather, the statute provides that "[t]he defendant *shall* have a right to a hearing" and "to be personally present and to have the assistance of counsel in any proceeding for the correction of an illegal sentence." (Emphasis added.) K.S.A. 22-3504(1).

While a plain-language-of-the-statute argument can be seductive, it is contrary to decades of precedent in this case. See *Makthepharak*, 298 Kan. at 576 ("For more than 20 years we have instructed district courts considering a motion to correct an illegal sentence to conduct an initial examination of the motion."). We have clearly said that if an initial examination of the motion, files, and records of the case conclusively shows that the movant is not entitled to relief, the district court can dismiss the motion without a hearing or the appointment of counsel. *Makthepharak*, 298 Kan. at 576 (citing *State v. Jones*, 292 Kan. 910, 913, 257 P.3d 268 [2011]); accord *Duke*, 263 Kan. at 195-96 (preliminary treatment of motion to correct illegal sentence intended to be the same as a K.S.A. 60-1507 motion).

Barnes concedes *Duke* and its progeny allows a district court to hold a preliminary examination of a motion to correct illegal sentence without conducting a hearing with appointed counsel. But he urges this court to reconsider *Duke* for public policy reasons. This court has consistently declined to accept that invitation. See *Makthepharak*, 298 Kan. 573, Syl. ¶ 11; *State v. Sims*, 294 Kan. 821, Syl. ¶ 2, 280 P.3d 780 (2012); *State v.*

4

*Conley*, 287 Kan. 696, Syl. ¶ 2, 197 P.3d 837 (2008); *State v. Hoge*, 283 Kan. 219, 223-24, 150 P.3d 905 (2007); *State v. Edwards*, 281 Kan. 1334, 1342-43, 135 P.3d 1251 (2006); *State v. Hall*, No. 110,118, 2015 WL 1513941 (Kan. 2015) (unpublished opinion); *State v. Timley*, No. 103,039, 2011 WL 430567, at *2 (Kan. 2011) (unpublished opinion); *State v. May*, No. 98,708, 2009 WL 242412, at *2 (Kan. 2009); *State v. Foster*, No. 98,014, 2009 WL 395125 (Kan. 2009) (unpublished opinion); *State v. Fields*, No. 97,292, 2008 WL 307680, at *1 (Kan. 2008) (unpublished opinion); *State v. Simmons*, No. 95,096, 2007 WL 316788, at *3 (Kan. 2007) (unpublished opinion); *State v. Clark*, No. 95,163, 2007 WL 1239217, at *2 (Kan. 2007) (unpublished opinion).

Nothing presented here compels a different result. Accordingly, we move on to the question of whether the motion, files, and records in this case conclusively showed the district court that Barnes was not entitled to relief.

Barnes contends that he raised a "significant issue of law" when he alleged that the failure of the charging document to allege that he committed aggravated kidnapping as an aider and abettor or coconspirator deprived the district court of jurisdiction to sentence him for that crime. That contention is procedurally and legally infirm.

Procedurally, we have clearly and explicitly held that a motion to correct an illegal sentence under K.S.A. 22-3504 cannot be used to present a defective complaint claim. *State v. Trotter*, 296 Kan. 898, 904, 295 P.3d 1039 (2013). A defective complaint claim challenges the bona fides of the conviction, rather than the legality of the resulting sentence. Barnes does not explain why we should find in his favor in the face of contrary authority. *Cf. State v. Tague*, 296 Kan. 993, 1001, 298 P.3d 273 (2013) (failure to explain argument akin to failure to brief the issue).

5

Legally, we have held that aiding and abetting is not a separate crime but rather a theory of culpability for the crime. Therefore, a complaint is not defective, much less jurisdictionally defective, for failing to separately charge aiding and abetting. See *State v. Williams*, 299 Kan. 509, 533, 324 P.3d 1078 (2014). In short, Barnes loses on the merits of his claim.

Finally, Barnes tries to salvage his motion by arguing that the district court should have converted his motion to correct an illegal sentence into a motion under K.S.A. 60-1507. He contends that, although the motion explicitly alleged that the complaint was defective, the substance of the allegations pointed toward a complaint that was overbroad, which should have caused the district court to surmise that the real problem was ineffective assistance of counsel for failing to file a motion to arrest judgment. Alternatively, Barnes argues that his motion suggested that the evidence failed to establish the crime of aggravated kidnapping, which should have suggested to the district court that there was "ineffective assistance of counsel for failure to properly present the issue to the jury."

First, Barnes asks for the liberal construction rule to do too much. His motion clearly and plainly made a very specific argument, *i.e.*, the complaint was defective for failing to charge him as an aider and abettor in the aggravated kidnapping. There were no arguments or allegations in the motion that were amenable to interpretation as an ineffective assistance of counsel claim. What Barnes wants is a reformulation of his pleading by the courts. Neither the district court nor this court is required, or even permitted, to formulate a new cause of action with new issues for pro se defendants. See *State v. Gilbert*, 299 Kan. 797, 798, 326 P.3d 1060 (2014) ("Liberal rules of construction cannot transform the reality of a pleading's content or the arguments being advanced, even when a litigant is pro se.").

Further, even if we were to consider the motion under K.S.A. 60-1507, it would be denied as untimely. See K.S.A. 60-1507(f) (Motion must be brought within 1 year after appellate court's final order, unless time limitation is extended to prevent a manifest injustice.). Even now, Barnes proffers no reason why the 60-1507(f) time limitation should be extended, and we can discern no such manifest injustice. In sum, switching statutory provisions from K.S.A. 22-3504 to K.S.A. 60-1507 does not save the day for Barnes.

Affirmed.